UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DALE E. HOLLOWAY, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHRIS SUNUNU, Governor, et al., <br><br> Defendants. | Civil Action No. 21-11585-LTS |

ORDER OF TRANSFER

November 1, 2021

SOROKIN, D.J.

<u>Pro se</u> plaintiff Dale E. Holloway, Jr., who is confined at the New Hampshire State Prison for Men, has filed a complaint (ECF #1) against twenty-six individuals whose alleged actions or inactions resulted in his prosecution for attempted murder.

The Court will order that this action be transferred to the United States District Court for the District of New Hampshire to cure improper venue. The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.

The general venue statute provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under this rubric, venue does not exist in the District of Massachusetts. All the alleged misconduct occurred in New Hampshire, all the defendants reside in New Hampshire, and the criminal procedure against Holloway is proceeding in New Hampshire.

Rather than dismiss the action, the Court will transfer it to the District of New Hampshire, where venue exists. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court . . . where it might have been brought . . . ."); see also In re Ryze Claims Sols., LLC, 968 F.3d 701, 706 n.5 (7th Cir. 2020) (district court may sua sponte order transfer under 28 U.S.C. § 1404(a)); Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132 (3d Cir. 2020) (same); Get In Shape Franchise, Inc. v. TFL Fishers, LLC, 167 F. Supp. 3d 173, 204 (D. Mass. 2016) (same).

Accordingly, for the reasons set forth above, the Court orders that this action be TRANSFERRED to the Federal District Court for the District of New Hampshire. The Court leaves to the transferee court consideration of the plaintiff's motion for leave to proceed in forma pauperis.

SO ORDERED.

      /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE